## A. W. STEVENS ET AL. v. OLIVER DIEHL ET AL.

ERROR TO THE COURT OF COMMON PLEAS OF NORTHUMBERLAND COUNTY.

Argued May 27, 1889—Decided June 28, 1889.

(*a*) At a sheriff's sale on a writ from a judgment confessed on an individual note given by one of two partners for money borrowed and used for the benefit of the firm, certain property was purchased by the judgment creditor.

(*b*) Learning afterwards that the property was partnership property, and fearing his title thereto was imperfect, the purchaser obtained from the partners a firm note, on which a judgment was confessed, execution issued, sale had, and the same property again purchased by him.

1. In equity, as between the parties, the first execution sale was inoperative as a satisfaction of the indebtedness ; in the second execution sale upon a judgment which was for the same debt, executed and accepted in entire good faith, there was no fraud upon other creditors and the purchaser's title was thus perfected.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and WILLIAMS, JJ.

No. 189 January Term 1889, Sup. Ct. ; court below, No. 364 September Term 1888, C. P.

On August 28, 1888, a feigned issue in which Oliver Diehl and John F. Enterline were plaintiffs, and A. W. Stevens & Son were defendants, was entered, to try the title to certain personalty levied upon as the property of Benjamin Reichenbach and John A. Reichenbach, trading as Ben. Reichenbach & Son, but which was claimed by the plaintiffs.

On October 16, 1886, Reichenbach & Son bought of Stevens & Son a steam thrashing machine, traction engine and water tank for $1,650, giving in payment therefor, three judgment notes dated October 4, 1886, for $550 each, payable January 1, 1887, 1888 and 1889, respectively. Judgments were at once entered upon these notes in the order of maturity, to Nos. 89, 90 and 91 December Term 1886.

On April 29, 1887, but $100 having been paid on the note due January 1, 1887, Benjamin Reichenbach borrowed $200 from William H. Leighou and paid it to Stevens & Son. As security, Benjamin Reichenbach gave to Leighou his own judgment note with one Probst as surety, for $204. On April 30, 1887, judgment was entered on this note, and on the same day a fieri facias to No. 1 September Term 1887 was issued thereon and placed in the sheriff's hands. Subsequently, Benjamin Reichenbach borrowed $269.70 more from Leighou and therewith paid to Stevens & Son the balance on their first note due April 1, 1887. To secure this second loan, Benjamin Reichenbach gave another judgment note to Leighou, with the same surety, and the same day, May 2, 1887, judgment was entered thereon, a fieri facias issued to No. 4 September Term 1887, and placed in the sheriff's hands. Under these two writs the sheriff made and returned a levy upon numerous articles of personalty, including the thrashing machine, traction engine and water tank, as the property of Ben. Reichenbach. At the sale of the property thus levied upon, on May 23, 1887, W. H. Leighou became the purchaser of the thrasher, engine and tank.

Afterwards, Leighou, discovering that the thrasher, engine and tank belonged to the firm of Reichenbach & Son, instead of to Benjamin Reichenbach, thereupon induced Benjamin and John A. Reichenbach to give him their joint judgment note for $624.50, dated November 17, 1887, upon which he at once entered judgment and issued a special fieri facias to No. 8 February Term 1888, under the act of April 8, 1873, P. L. 65,

regulating executions against firm property for individual indebtedness. A levy was made upon this writ on the thrashing machine, traction engine and water tank, followed by a sale of the same a second time to Leighou.

About February 11, 1888, Leighou sold the thrashing machine, engine and water tank to Oliver Diehl and John F. Enterline, the plaintiffs, in this issue. Subsequently, Stevens & Son issued execution on their judgments and directed the sheriff to make a levy on the thrashing machine, engine and tank, in the hands of Diehl and Enterline. They contended on the trial of the issue that the note of November 17, 1887, for $624.50 was void for want of consideration; that Leighou, who was a party to the transaction, had no title through the first sale and acquired none by the second, and having no title could pass none to Diehl and Enterline; that the intention was to defraud Stevens & Son, who had a legal right to a levy and sale of the property they had sold, and for which they had not been paid.

The court, ROCKEFELLER, P. J., refused to affirm the points submitted by the defendants, Stevens & Son, in support of their contention, and in giving the case to the jury charged, inter alia, as follows:

We say to you if you find that the consideration for the two judgments of $204 and $269.70, was money advanced by Mr. Leighou to Benjamin Reichenbach, one of the members of the firm of Ben. Reichenbach & Son, for firm purposes, that is, to pay off a firm debt, and it was afterwards discovered that the sale upon those two judgments was void and passed no title to the plaintiff, William H. Leighou, and that in consideration of that matter Benjamin Reichenbach and John A. Reichenbach, the two members of the firm, which firm had received the benefit of Leighou's money, agreed then to give Leighou another judgment for the amount that he had advanced with interest and costs, I can see no reason why such judgment would not be a good and valid judgment. The first two judgments were satisfied, of course, by the sheriff's sale, whether Leighou got a good title to the property that he purchased or not. But I cannot see any reason why, if he got no title, common honesty and morality would prevent the two Reichenbachs from afterwards

giving another judgment to Leighou, so as to enable him to make himself whole for the money that he had advanced for the benefit of the firm. And, if you find these were the facts, we say to you that the consideration of judgment No. 37 February Term 1888, for $624.50 was sufficient. Then if you find from the evidence that that was a fair and honest judgment, that there was no fraud in its execution and the giving of the judgment by the two Reichenbachs to Leighou, then the sale made under the fieri facias issued upon it to No. 8 February Term 1888, passed a good title to Leighou for the property that was sold to him by the sheriff.

The jury returned a verdict for the plaintiffs, and a rule for a new trial having been discharged, judgment was entered on the verdict. The defendants thereupon took this writ, assigning for error, inter alia, the refusal of their points, and the part of the general charge above quoted.

*Mr. S. B. Boyer* (with him *Mr. J. H. Vincent*), for the plaintiffs in error.

*Mr. C. R. Savidge* (with him *Mr. Geo. B. Reimensnyder*), for the defendants in error.

PER CURIAM:

It may be, as between the parties, the sale on the two executions, Nos. 1 and 4 to September Term 1887, at the suit of William H. Leighou v. Benjamin Reichenbach and Jacob Probst, operated as a satisfaction of the judgments on which the executions were issued. This was so at law, but not necessarily so in equity. It was believed by both the parties to the transaction, that the sheriff's sale was an abortive proceeding, and that the plaintiff who bought the property took no title. He had not received any actual satisfaction for his debt. To remedy this difficulty, the defendants in the judgment confessed the $624.50 judgment, which was for the same debt, and under it an execution was issued, and the same property again levied upon and sold to the plaintiff. His title was thus perfected. We see nothing objectionable in this. There was no fraud upon other creditors. It appears to have been done in entire good faith and for the sole purpose of perfecting a title sup-

posed to be bad. We find nothing in the rulings of the court to criticise, and a further discussion of the case is unnecessary.

Judgment affirmed.